**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ERTHA RIZAS, | : | |
| | : | |
| | : | **Civil Action No. 21-00092 (JXN) (ESK)** |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LOUIS DEJOY, | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**NEALS**, District Judge:

Before this Court is Defendant Louis Dejoy's ("Defendant") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to timely exhaust administrative remedies, among other grounds.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391.  This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b).  For the reasons stated herein, Defendant's Motion to Dismiss [ECF No. 9] is **GRANTED**.

## I.    BACKGROUND[1]

Plaintiff Ertha Rizas, an employee at the United States Postal Service ("USPS"), brings this employment discrimination and retaliation lawsuit against the USPS under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, Section 501 the Rehabilitation Act of 1973, 29 U.S.C. § 791, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 21 U.S.C.

---

[1] For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *M.H. by D.H. v. C.M.*, Civ. No. 3:20-01807(BRM)(TJB), 2020 WL 6281686, at *1 (D.N.J. Oct. 27, 2020).

§§ 621-624, alleging claims of discrimination and retaliation regarding age, sex, race, and disability relating to "a history of systematic abuse, harassment, discrimination and retaliation . . . which has broken down her physical health and her spirit."  Compl. at 1, ECF No. 1.

In the Complaint, Plaintiff alleges that she was a Senior Mail Processing Clerk, in the Agency's Raritan Center postal facility in Edison, New Jersey.  Compl. ¶ 7.  During her employment, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint due to sexual harassment by Kenny Zdan.  *Id.* ¶ 8.  Thereafter, Plaintiff alleges that she was subjected to retaliation, harassment, and discrimination.  *Id.* ¶ 9. Among the allegations in the Complaint, Plaintiff cites instances of discrimination and retaliation that include the following:

- On June 28, 2007, Plaintiff was given a "Placement in Off-Duty Status" and escorted from the postal facility by the police.  *Id.* ¶ 10.

- On or around June 2, 2016, Plaintiff was sent a "Letter of Availability for Duty" requesting when she would be available for work.  *Id.* ¶ 13.

- On September 20, 2016, Plaintiff requested a change of schedule and management harassed her about it for days before it was approved.  *Id.* ¶ 14.

- In September 2016, Plaintiff was harassed about medical documentation.  *Id.* ¶ 15.

- On October 10, 2016, Plaintiff's break and lunch period were changed.  *Id.*

- On October 26, 2016 and October 27, 2016, Plaintiff was not accommodated per her medical restrictions when she was not permitted to work.  *Id.* ¶ 16.

- On October 27, 2016, Plaintiff's supervisor stated to her "you are becoming a pain in my ass."  *Id.* ¶ 17.

- On November 10, 2016, Plaintiff was issued a "Letter of Warning."  *Id.*

Plaintiff claims that "Defendant has repeatedly and willfully attacked Plaintiff through the above-listed and numerous other incidents due to her *race, gender, disability* and for making complaints." *Id.* ¶ 18 (emphasis added).

2

Plaintiff's seven-count Complaint asserts claims for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 (Count 1), disability discrimination in violation of the Rehabilitation Act of 1973 (Count 2), age discrimination in violation of the Age Discrimination in Employment Act of 1967 (Count 3), hostile work environment - race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count 4), sex discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count 5), hostile work environment on account of sex in violation of Title VII of the Civil Rights Act of 1964 (Count 6), and Intentional Infliction of Emotional Distress (Count 7). *See* Compl. ¶¶ 19-70.

Defendant moves to dismiss Plaintiff's Complaint in its entirety for failing to timely exhaust administrative remedies. *See* Def.'s Br., ECF No. 9-1. In particular, Defendant contends that Plaintiff failed to file suit in federal court within 90 days of the final agency decision. Defendant's motion is ripe for the Court to decide.

## II.  LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Stated differently, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010).

## III.    DISCUSSION

Defendant moves to dismiss Counts 1, 2, 4, 5, 6, and 7 because Plaintiff did not file suit within 90 days of the final agency decision. Def.'s Br. at 18, ECF No. 9-1.[2] Defendant also moves to dismiss Count 3 because Plaintiff did not raise age discrimination claims in a formal complaint at the administrative level or provide notice to the EEOC.  *Id.* at 17.  To support its contentions, Defendant points the Court to Plaintiff's EEO file.  The Court considers Defendant's arguments in turn.

---

[2] For sake of clarity, when citing the parties' briefs and supporting documents, the Court cites to the page number listed in the ECF header.

4

**A.  Documents Related to Plaintiff's Formal EEO Complaint**

As an initial matter, in deciding this motion, the Court will consider Plaintiff's formal EEO complaint and supporting documents because the documents are "*integral to or explicitly relied upon* in the complaint."  *Saba v. Middlesex Cty. Bd. of Soc. Servs.*, No. 3:16-CV-4712-BRM-TJB, 2017 WL 2829618, at *1 (D.N.J. June 30, 2017) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citation omitted)).  It is well settled law in the Third Circuit that the Court may properly consider attached EEO documents when deciding a motion to dismiss.  *See Smith*, 420 F. App'x at 212 (citing *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."); *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006) (Court "may consider . . . any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.") (citations and quotations omitted); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document integral to or explicitly relied on in the complaint may be considered without converting the motion to dismiss into one for summary judgment . . . .  [W]hat is critical is whether the claims in the complaint are based on an extrinsic document and not merely whether the extrinsic document was explicitly cited.  Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them.") (citations and quotations omitted)).

Plaintiff's EEO file is properly considered in connection with this motion to dismiss because Plaintiff incorporates these documents by reference in her Complaint, Compl. ¶¶ 4, 22, and her claims are heavily based on these documents.  Moreover, courts have routinely held that

exhaustion of administrative remedies is integral to a discrimination or retaliation case and have allowed a defendant to attach documents in the underlying EEO proceeding in support of a Rule 12(b)(6) motion.  *See Smith*, 420 F. App'x at 213  (holding that the district court properly considered the EEO documents that were attached to the defendant's Rule 12(b)(6) motion because exhaustion of administrative remedies is "integral" to the case) (citing cases); *Saba v. Middlesex Cty. Bd. of Soc. Servs.*, No. 16-CV-4712 (BRM), 2017 WL 2829618, at *5 (D.N.J. June 30, 2017) (considering the documents from the EEOC claim, which were attached to the defendant's Rule 12(b)(6) motion); *Cummings v. Princeton Univ.*, No. 15-CV-8587 (FLW), 2016 WL 6434561, at *1-2 (D.N.J. Oct. 31, 2016) (considering the EEOC documents attached to the defendant's Rule 12(b)(6) motion to dismiss because they are (1) undisputedly authentic documents upon which Plaintiff's claims are based and (2) as part of the underlying EEOC administrative record incorporated by reference into the plaintiff's complaint).

**B. Counts 1, 2, 4, 5, and 6 – Plaintiff's Employment Discrimination and Retaliation Claims based on Race, Gender, and Disability**

Defendant contends that Plaintiff's discrimination and retaliation claims based on race, gender, and disability must be dismissed because Plaintiff did not initiate this action within the 90-day period required by the regulations.  Def.'s Br. at 19.  The Court agrees.

The Third Circuit requires that "a plaintiff must exhaust Title VII remedies before bringing suit under section 504 . . . of the Rehabilitation Act."  *Jayhee Cho v. Elaine Chao*, No. CV 16-2793 (CCC-JBC), 2018 WL 1087499, at *2 (D.N.J. Feb. 28, 2018) (citing *Spence v. Straw*, 54 F.3d 196, 201 (3d Cir. 1995)).  Pursuant to the regulation, "[t]he employee must first contact an EEO counselor within 45 days of the alleged discriminatory act, and then file a formal administrative complaint within 15 days of receiving a notice of right to sue letter, and then either appeal the agency's final decision to the EEOC or file a civil action in federal district court within

6

90 days of receiving the decision." *Hetzel v. Mabus*, No. 15–7271, 2016 WL 4157311, at *2 (D.N.J. Aug. 4, 2016) (citing 29 C.F.R. §§ 1614.105–1614.109, 1614.491, 1614.407(a); *Green v. Postmaster Gen.*, 437 Fed.Appx. 174, 177 (3d Cir. 2011)).

Here, the EEOC issued a final decision on Plaintiff's Claim on April 26, 2019, and provided specific appellate processes pursuant to 29 C.F.R. § 1614.110(a). *See* Mapp Decl., Ex. 7, ECF No. 9-3 at 174-178.   On May 2, 2019, the USPS issued a Notice of Final Action adopting the conclusions of the EEO Commission Administrative Law Judge and dismissed Plaintiff's EEO complaint.   Mapp Decl., Ex. 8, ECF No. 9-3 at 180-183.   Plaintiff did not appeal that decision. Accordingly, the regulations required Plaintiff to file suit in federal court within 90 days, *i.e.*, by August 5, 2019.   Plaintiff did not initiate this federal court action until January 5, 2021, which is approximately one year and five months after that the Notice of Final Action was issued. Therefore, Plaintiff failed to exhaust administrative remedies.

Nonetheless, Plaintiff contends the Court should toll the filing requirements because Defendant failed to properly notice Plaintiff and Plaintiff's counsel of the Notice of Final Action. Pl.'s Br. at 12, ECF No. 15.   Although the "[f]ailure to timely exhaust administrative remedies is an appropriate basis for granting a Rule 12(b)(6) motion to dismiss," *Smith v. Pallman*, 420 Fed.Appx. 208, 212 (3d Cir. 2011), the exhaustion requirements of the Rehabilitation Act "can be bypassed under certain circumstances, including waiver, estoppel, tolling or futility," *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007).   Equitable tolling may be applicable "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Chao*, 2018 WL 1087499, at *2 (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380,

1387 (3d Cir. 1994)).  Plaintiff bears the burden of "demonstrating that he exercised reasonable diligence and that equitable tolling is appropriate under the circumstances." *Id.* (citing *Pizio v. HTMT Glob. Sols.*, 555 Fed.Appx. 169, 176–77 (3d Cir. 2014)).  Additionally, the Third Circuit has made clear that equitable tolling is an extraordinary remedy which should be applied only sparingly.  *Id.* (citing *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005)).

Plaintiff has not demonstrated that equitable tolling is applicable.  In her opposition, Plaintiff contends the Court should toll the filing requirements because Defendant failed to properly notice Plaintiff and Plaintiff's counsel of the Notice of Final Action.  Pl.'s Br. at 12, ECF No. 15.  In support of this position, Plaintiff notes "the defendants claim that the Notice of Final Action was sent to 'Joseph Tatulli.'  No one by the name of 'Joseph' works at my law firm, nor did anyone at my office receive any Notice of Final Action for this case to be exhausted."  *Id.* at 11.  In response, Defendant acknowledges that in his initial motion, he incorrectly lists counsel's name as "Joseph Tatulli."  Def.'s Reply Br. at 11, ECF No. 23.  Despite this error, Defendant contends that the Notice of Final Action was submitted to Plaintiff's counsel on May 7, 2019 at counsel's office and Plaintiff on May 6, 2019.  *Id.*  Defendant submits the USPS tracking receipt which confirms the dates and the time which the Notice of Final Action was delivered.  Mapp Decl., Ex. 9, ECF No. 9-3 at 185-186.  Plaintiff's Complaint and opposition brief are devoid of any reasonable claim that Defendant actively misled Plaintiff, that Plaintiff was prevented from asserting her rights, or that Plaintiff timely asserted her rights mistakenly in the wrong forum.  *Chao*, 2018 WL 1087499, at *2.  Accordingly, Plaintiff's discrimination and retaliation claims

based on sex, race, and disability (Counts 1, 2, 4, 5, and 6) are dismissed with prejudice for failing to exhaust administrative remedies.[3]

### C. Count 3 - Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967

Defendant contends that Count Three of Plaintiff's Complaint should be dismissed because Plaintiff did not raise age discrimination claims in a formal complaint at the administrative level or provide notice to the EEOC. Def.'s Br. at 17. The ADEA provides employees of the federal government with two separate avenues for pursuing age discrimination claims. *Galante v. Cox*, No. CIV.A. 05-06739, 2006 WL 1371191, at *4 (E.D. Pa. May 16, 2006). First, the federal employee may elect to pursue a claim through the administrative process by filing a complaint with the EEOC. 29 U.S.C. § 633a(b)(3). *Id.* Second, the employee may file an action directly in federal court after providing the EEOC with 30 days' notice of his or her intent to file suit. 29 U.S.C. §§ 633a(c)-(d). *Id.* With regard to the latter option, the aggrieved employee must file a notice of intent to file suit within 180 days of the alleged unlawful employment practice. *Id.*

Defendant contends that Plaintiff did not exhaust her claims through the EEO process because she did not indicate in her formal complaint that she was discriminated against based on age. Def.'s Br. at 18. Defendant argues that Plaintiff's EEO complaint focuses solely on race, sex, and disability. *Id.* Plaintiff counters that her age discrimination claims were raised but not properly addressed by the EEOC. Pl.'s Br. at 10. A review of Plaintiff's formal EEO complaint clearly shows that Plaintiff did not allege discrimination and retaliation based on age. *See* Mapp Decl., Ex. 9, ECF No. 9-3 at 55. In section 14 of Plaintiff's EEO complaint, Plaintiff chose race, sex, and disability as the type of discrimination that she was alleging. *Id.* Plaintiff did not select

---

[3] Although Defendant moves to dismiss Count 7 of Plaintiff's Complaint based on the same reasons as Counts 1, 2, 4, 5, and 6, the Court will address Count 7 separately in Section D below.

age.  Moreover, the allegations in the complaint focus primarily on discrimination based on Plaintiff's alleged disability.  *See, e.g., id.* at 53 ("I requested [a] change of schedule so I could receive radiation for breast cancer.  Since that time I have been subjected to harassment."); *see also id.* at 56, 66.  Accordingly, Plaintiff did not exhaust her claims through the EEO process.

Plaintiff also did not exhaust her claims through the alternative avenue that the ADEA provides for employees of the federal government to pursue age discrimination claims.  Under the alternative avenue, an employee may file an action directly in federal court after providing the EEOC with 30 days' notice of his or her intent to file suit.  29 U.S.C. §§ 633a(c)-(d).  *Galante*, 2006 WL 1371191, at *4.  The aggrieved employee must file a notice of intent to file suit within 180 days of the alleged unlawful employment practice.  *Id.*  Here, Plaintiff has neither alleged that she filed a notice of intent to sue with the EEOC nor that she did so within the prescribed period.

Even if Plaintiff could overcome procedural deficiencies, Plaintiff's Complaint fails to sufficiently allege an age discrimination claim.  A claim of discrimination pursuant to the ADEA will survive a Rule 12(b)(6) motion to dismiss if the plaintiff "make[s] factual allegations that, if true, would either (1) establish his prima facie case [...] or (2) show that age was the 'but-for' cause of the challenged adverse employment action."  *Sorgini v. Wissahickon Sch. Dist.*, 274 F. Supp. 3d 291, 297 (E.D. Pa. 2017) (citing *Johnson v. Delaware County Juvenile Detention Center*, No. 11-CV-1166, 2012 WL 895507, at *7 (E.D. Pa. Mar. 6, 2012)).  To establish a prima facie case of age discrimination, a plaintiff must demonstrate that "(1) [he or she] is over forty, (2) is qualified for the position in question, (3) suffered from an adverse employment decision, and (4) that [his or her] replacement was sufficiently younger to permit a reasonable inference of age discrimination."  *Galante*, 2006 WL 1371191, at *4 (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004)).

Here, Plaintiff neither alleges that she was replaced by a younger person nor that her age was the cause of her termination from employment.  Instead, Plaintiff alleges that "Defendant has repeatedly and willfully attacked Plaintiff through the above-listed and numerous incidents due to her *race, gender, disability* and for making complaints."  Compl. ¶ 18 (emphasis added). Accordingly, Plaintiff's age discrimination claim must be dismissed with prejudice.[4]

### D.  Count 7 – Intentional Infliction of Emotional Distress

"To state a claim for intentional infliction of emotional distress, a plaintiff must show (1) that the defendant intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct, (2) that the conduct was 'extreme and outrageous,' (3) that the actions of the defendant were the cause of the plaintiff's distress, and (4) that the emotional distress sustained by the plaintiff was severe."  *Sebastian v. Vorhees Twp.*, No. 08–6097, 2011 WL 540301, at *7 (D.N.J. Feb. 8, 2011) (citing *Cole v. Laughrey Funeral Home*, 869 A.2d 457, 464 (N.J. Super. Ct. App. Div. 2005)).  "New Jersey courts have found that the emotional distress must meet an 'elevated threshold' which is only satisfied in 'extreme cases.'" *Id.* (quoting *Griffin v. Tops Appliance City, Inc.*, 766 A.2d 292, 296 (N.J. Super. Ct. App. Div. 2001)).

Here, Plaintiff has not sufficiently alleged that Defendant's acts were "extreme and outrageous," that Defendant Louis Dejoy was the cause of Plaintiff's distress, or that the emotional distress allegedly sustained by Plaintiff was severe.  Absent such allegations, Plaintiff's intentional infliction of emotional distress claim must be dismissed.  *See Fahnbulleh v. Steneck*, No. 15-CV-5075(ES)(JAD), 2018 WL 1610692, at *11 (D.N.J. Apr. 3, 2018).  Moreover, because the Court

---

[4] Plaintiff again asserts that equitable tolling is applicable.  As set forth in Section B herein, Plaintiff has not demonstrated that equitable tolling is applicable.

dismisses Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over her pendent state law claims, pursuant to 28 U.S.C. § 1367(c)(3).  *See Markowitz v. Northeast Land Co.,* 906 F.2d 100, 106 (3d Cir. 1990) ("[T]he rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court").  Accordingly, Plaintiff's claim for intentional infliction of emotional distress (Count 7) will be dismissed without prejudice to her ability to refile in state court.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 9] is **GRANTED**. An appropriate Form of Order accompanies this Opinion.


                                        s/ Julien Xavier Neals
       DATED: January 27, 2022          **JULIEN XAVIER NEALS**
                                        United States District Judge